Rodney A. GOODLING et ux., Plaintiffs,

v.

**UNITED STATES of America, Defendant.**

Civ. A. No. 3894.

United States District Court
S. D. Mississippi,
Jackson Division.

Dec. 14, 1966.

Thomas R. Ward, Meridian, Miss., for plaintiffs.

Robert Hauberg, U. S. Atty., Jackson, Miss., for defendant.

WILLIAM HAROLD COX, Chief Judge.

The plaintiffs in this case sue the defendant to recover the principal sum of twenty-seven thousand two hundred seventy-eight dollars sixty-seven cents as erroneously assessed and collected income tax for the year 1962. The defendant counter claimed for the recovery of the principal sum of eighty-nine hundred nineteen dollars thirty-three cents as additional income tax claimed by it to be due by the plaintiffs for the year 1962. The suit entails a determination by the Court of the fair and reasonable value of certain assets sold during that year at book value by the taxpayers.

The taxpayers sold fifty motor vehicles during that year for two hundred fifty thousand dollars. A note was executed by one of the taxpayers for twenty-seven thousand six hundred six dollars forty-five cents to Truck Equipment Leasing Corporation to induce the transfer. The note matured in eighteen months with interest at 5% after maturity. The record indicates that the note has not yet been paid. The sale of this equipment was occasioned by a sale of all the common stock all owed by Goodling in Dixie Highway Express. The minute details of the transaction are ingenious and interesting but unimportant, but it is important that Goodling surely controlled and dominated both of these corporations as he clearly demonstrated in this case. Some of these miscellaneous vehicles were sold to Swartzfager in Meridian,

but the exact amount received therefor was not made available, or revealed in this record. The Internal Revenue Service said that the fair market value of forty-five of these vehicles in 1962 was one hundred seven thousand eight hundred twenty-five dollars, less the Goodling note, leaving a net profit to the taxpayers of eighty thousand two hundred eighteen dollars fifty-five cents. The taxpayers certainly cannot justly complain of that decision under the facts and circumstances in this record. The Court concurs in its entirety with that result. The book value of these vehicles is meaningless, except for the taxpayers' own unilateral purposes. That profit was properly treated by the Internal Revenue Service as a dividend and taxable as such.

The taxpayers purchased the Carney notes from Truck Equipment Leasing Corporation for twenty thousand dollars. That note was payable in installments over a period of years with interest after maturity. These notes were currently paid. Carney was entirely solvent and the notes were well secured. The counter claim in this case grows out of this item. This note was worth twenty-seven thousand five hundred dollars and was bought by the taxpayers for twenty-thousand dollars. Neither of these transactions were conducted at arms length. It was first suggested that this was a liquidation item which should be tax free as a part of a re-organization, but that theory was abandoned and is disregarded. The discount realized on this note would more than compensate for interest and dispels any suggestion that it was not saleable.

The plaintiffs failed to prove by a preponderance of the evidence that they were entitled to any recovery on such tax item for the sale of said equipment under the facts and circumstances in this case. The complaint will be dismissed with prejudice as being without merit.

The counter claim is established by a preponderance of the evidence to the extent of the taxes due the United States by these taxpayers for 1962 on

seventy-five hundred dollars, plus 6% interest thereon from due date. Each of these items must be treated as ordinary income. They were effectually dividends given these taxpayers under the circumstances. A more detailed finding and conclusion may be prepared by the defendant. A judgment accordingly may be presented for entry.